1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

SHAQUNDA DAVIS,

9

               Plaintiff,

10

    v.

11

CHINUA JARRETT,

12

             Defendant.

13

CASE NO. 3:22-CV-5978-BHS

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

14

      The District Court has referred Plaintiff Shaqunda Davis's pending Application to

15

Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge

16

David W. Christel pursuant to Amended General Order 11-22. On December 16, 2022, Plaintiff

17

filed a proposed civil complaint. Dkt. 1. Plaintiff filed an application to proceed IFP, that is,

18

without paying the filing fee for a civil case on January 23, 2023. *See* Dkt. 7.

19

      The Court reviewed and screened the proposed complaint under 28 U.S.C. § 1915(e)(2)

20

and found Plaintiff did not establish jurisdiction or adequately explained the legal basis for her

21

claims. The Court dismissed the proposed complaint without prejudice, re-noted the pending

22

Application to Proceed IFP, and provided Plaintiff with leave to file an amended pleading by

23

March 23, 2023. On March 22, 2023, Plaintiff filed a proposed amended complaint. Dkt. 10.

24

1    **Standard for Granting Application for IFP.**  The district court may permit indigent

2    litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C.

3    §1915(a). However, the court has broad discretion in denying an application to proceed IFP.

4    *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

5    **Plaintiff's Application to Proceed IFP.**  Plaintiff states she is unemployed. Dkt. 7. She

6    has no cash on hand, no money in her bank accounts, and no assets. *Id*. at p. 2. Plaintiff

7    contributes $1,000.00 per month in child support and her expenses are $1,274.00 per month. *Id.*

8    **Review of the Complaint.**  The Court has carefully reviewed the proposed amended

9    complaint in this matter. Because Plaintiff filed this proposed amended complaint *pro se*, the

10   Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt.

11   *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In the

12   proposed amended complaint, Plaintiff names Chinua Jarrett as the sole defendant. Dkts. 10, 11.

13   She states that Defendant Jarrett made statements about her on social media websites and during

14   a podcast beginning in 2017. *Id*. She appears to allege claims of defamation, libel, nuisance, and

15   harassment. *Id.*

16   ***Sua Sponte* Dismissal.**  The Court must subject each civil action commenced pursuant to

17   28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that

18   is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

19   monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

20   *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

21   1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

22   2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

23   *sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it

24   ORDER DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE, GRANTING PLAINTIFF
LEAVE TO AMEND, AND RENOTING
PLAINTIFF'S MOTION TO PROCEED IN FORMA
PAUPERIS - 2

1  ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

2  1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also*

3  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

4      A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it

5  must nevertheless contain factual assertions sufficient to support a facially plausible claim for

6  relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

7  U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

8  content that allows the court to draw the reasonable inference that the defendant is liable for the

9  misconduct alleged." *Iqbal*, 556 U.S. at 678.

10  **Analysis of Plaintiff's Claims**.

11      *Harassment.*  Plaintiff requests damages as a result of "harassment." Dkt. 10, at 4.

12  "Washington does not recognize a cause of action for damages for civil harassment." *Phillips v.*

13  *World Pub. Co.*, 822 F. Supp. 2d 1114, 1121 (W.D. Wash. 2011). The civil harassment statute

14  provides only for "a speedy and inexpensive method of obtaining civil antiharassment protection

15  orders." RCW 10.14.010. The Court finds there is no Washington statute or common law which

16  would provide relief in the form of damages as Plaintiff requested. Therefore, the Court finds

17  Plaintiff's harassment claim should be dismissed. Plaintiff must show cause why this claim

18  should not be dismissed with prejudice.

19      *Nuisance.*  Plaintiff also requests damages for "nuisance." Under R.C.W. § 7.48.010,

20      The obstruction of any highway or the closing of the channel of any stream used for boating or rafting logs, lumber or timber, or whatever is injurious to health and indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property, is a nuisance and the subject of an action for damages and other and further relief.

24  ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 3

1   There are no allegations in the proposed amended complaint that allege a nuisance under

2   Washington law. Therefore, Plaintiff has failed to state a nuisance claim.

3       *Statute of Limitations.*  The statute of limitations for nuisance, libel and defamation

4   claims in Washington is two years. RCW 4.16.100; RCW 4.16.130. In the internet context, the

5   statute of limitations begins to run when the allegedly infringing material is first posted on the

6   internet. *Canatella v. Van De Kamp,* 486 F.3d 1128, 1134–36 (9th Cir. 2007). Plaintiff alleges

7   the allegedly infringing material was posted in 2017. Dkt. 11. Plaintiff did not file this lawsuit

8   until December of 2022, which would be approximately three years after the statute of

9   limitations expired. Plaintiff must show cause why this case should not be dismissed as untimely.

10      **Leave to Amend.**  Unless it is absolutely clear that no amendment can cure the defects of

11  a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an

12  opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245,

13  248 (9th Cir.1995). At this time, it does not appear Plaintiff can cure the deficiencies of the

14  proposed amended complaint. However, in an abundance of caution, the Court will provide

15  Plaintiff with one additional opportunity to file an amended complaint to attempt to cure the

16  deficiencies.

17      **Instructions to Plaintiff and the Clerk.**  Due to the deficiencies described above, the

18  Court dismisses Plaintiff's proposed amended complaint without prejudice. Plaintiff's proposed

19  second amended complaint, if any, should be filed on or before April 28, 2023. In the amended

20  complaint, Plaintiff must address why this case is not barred by the statute of limitations. If

21  Plaintiff fails to file an amended complaint or otherwise respond to this Order, the undersigned

22  will recommend that Plaintiff's Application to Proceed IFP be denied and that this case be

23  closed.

24  ORDER DISMISSING PLAINTIFF'S COMPLAINT
    WITHOUT PREJUDICE, GRANTING PLAINTIFF
    LEAVE TO AMEND, AND RENOTING
    PLAINTIFF'S MOTION TO PROCEED IN FORMA
    PAUPERIS - 4

1       The Clerk is directed to re-note Plaintiff's Motion (Dkt. 7) for consideration on April 28,

2 2023.

3       Dated this 4th day of April, 2023.

4

5                                David W. Christel

6                                Chief United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   ORDER DISMISSING PLAINTIFF'S COMPLAINT
     WITHOUT PREJUDICE, GRANTING PLAINTIFF
     LEAVE TO AMEND, AND RENOTING
     PLAINTIFF'S MOTION TO PROCEED IN FORMA
     PAUPERIS - 5